UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11911-GAO

MALIKA ZGHAOUI,
Plaintiff,

v.

SUNOCO, INC.,
Defendant.

OPINION AND ORDER
April 13, 2012

O'TOOLE, D.J.

Plaintiff filed a Complaint in Middlesex Superior Court against the defendant alleging sexual harassment, sex based employment discrimination, retaliation in violation of Mass. Gen. Laws. Ch. 151B and intentional infliction of emotional distress. The defendant has moved to compel arbitration pursuant to the plaintiff's signed employment contract.

When seeking an order compelling arbitration, the moving party must demonstrate that "a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 552 (1st Cir. 2005) (quoting InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003).

The plaintiff argues she should not be subject to the arbitration agreement because the Sunoco Dispute Resolution Program ("DRP") is misleading and confusing. This argument is without merit. The DRP Handbook, which the plaintiff signed, is only seventeen pages long and explicitly outlines the procedures for employment disputes. (See Def.'s Memo in Support of

Motion to Compel, Ex. 1 at 5-22 (dkt. no. 5)).) It also specifically states the agreement to arbitrate in "clear and unmistakable" terms. See Joule v. Simmons, 459 Mass. 88, 95 n.5 (Mass. 2011). The DRP specifically includes that harassment, discrimination, retaliation and intentional infliction of emotional distress are all covered by the agreement to arbitrate. Thus, the agreement should be enforced.

For the foregoing reasons, defendant's Motion (dkt. no. 4) to Compel Arbitration is GRANTED. This action is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge